IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                          NO. 28,255

CARLOS J. MALDONADO,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Don Maddox, District Judge

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Carlos Maldonado appeals the district court's judgment and sentence, convicting him of voluntary manslaughter and tampering with evidence.

The district court instructed the jury on Defendant's claim of self-defense. It did not, however, as requested by Defendant, instruct the jury in the elements instruction for voluntary manslaughter that Defendant did not act in self-defense. *State v. Parish*, 118 N.M. 39, 43-44, 878 P.2d 988, 992-93 (1994), requires such instruction. The State argues on appeal that *Parish* does not require reversal and retrial of this case because the evidence did not entitle Defendant to a self-defense instruction.

An entitlement to a jury instruction involves questions of law and fact, and we afford it de novo review on appeal. *See State v. Lucero*, 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143. A defendant is entitled to jury instructions based on the defendant's theory of the case when supported by evidence. *Id.* "Whenever there is evidence, however slight, that the defendant acted in self-defense, the instruction should be given." *State v. Sutphin*, 2007-NMSC-045, ¶ 22, 142 N.M. 191, 164 P.3d 72. No instruction is necessary if the evidence does not raise a reasonable doubt that the defendant acted in self-defense. *Id.* Thus, in this case, we must determine whether the evidence of self-defense was sufficient to give rise to a reasonable belief that Defendant acted in self-defense.

The district court instructed the jury that Defendant acted in self-defense if:

> 1. There was an appearance of immediate danger of death or great bodily harm to the defendant as a result of the approach of the

Black Durango at a high speed with belief of defendant that such Durango was occupied by Sammy Pinon; and

    2.    The defendant was in fact put in fear of immediate death or great bodily harm and defendant shot at such vehicle because of that fear; and

    3.    The apparent danger would have caused a reasonable person in the same circumstance to act as the defendant did.

Thus, the defense embraces both the requirement of a subjective belief of Defendant, as well as the requirement that Defendant act as an objectively reasonable person would have acted in Defendant's place. *See State v. Duarte*, 1996-NMCA-038, ¶ 8, 121 N.M. 553, 915 P.2d 309 (stating that "there must have been some evidence that an objectively reasonable person, put into [the d]efendant's subjective situation, would have thought" that action was necessary).

The State argues that there is insufficient evidence that Defendant "personally perceived a risk of danger of death or great bodily harm as a result of the approaching black Durango driven by Oswaldo Juarez, or that even if he did, any such fear would have been objectively reasonable." According to the State, Defendant left the house after arguing with Harris Lee and opened fire with two guns in the direction of Harris Lee and the black Durango. It argues that the ballistics evidence was clear that no one shot at Defendant from the Durango and that Defendant knew that Oswaldo Juarez

was driving the Durango because Defendant saw him in it earlier that evening. The State thus concludes that Defendant did not or could not have perceived any danger from the Durango. The State further argues that there was no evidence that Defendant acted because he believed that Sammy Pinon was present, that someone thought that Sammy Pinon was present, or that someone shot at Defendant from the Durango.

However, there was evidence that Sammy Pinon had shot at Defendant in the past, that Sammy Pinon had previously shot Defendant's cousin Donald Trujillo, and that Sammy Pinon had driven a black SUV. When the Durango arrived at the scene, someone yelled "It's Sammy." When Defendant exited the house, there were multiple shots from at least two, and as many as three, shooters. Harris Lee testified that there were as many as thirty gunshots, and he could not testify as to who had shot first. Oswaldo Juarez testified that there were three shooters when the shooting began and also could not testify about who began shooting first. He gave the same information to Detective J.B. Hardy. Donald Trujillo stated that there were multiple shots at the same time from multiple weapons. Defendant was shot in the chest, apparently while facing the Durango.

From this evidence, it would not be unreasonable for a jury to have a belief that Defendant, having been previously shot at by Sammy Pinon and associating him with

4

a black SUV, thought that Sammy Pinon was approaching or had approached. Indeed, someone else had the same belief and called it out. The Durango approached quickly. Because there was testimony about multiple shots from different directions and lack of clarity as to who was the first shooter, it would not be unreasonable for the jury to have a belief that Defendant was shot at before he opened fire. In addition, even though the ballistics evidence may show that no one shot from or exited the Durango to shoot, at the time, with shots in the air, one of which hit Defendant in the chest, it would not have been unreasonable for the jury to have a belief that Defendant could have thought shots were coming from the direction of the Durango. Defendant was entitled to a self-defense instruction if there was even slight evidence that he reasonably acted in self-defense. *Sutphin*, 2007-NMSC-045, ¶ 22. The district court concluded that there was such evidence. In our de novo review, we reach the same conclusion.

**CONCLUSION**

We reverse the judgment and sentence and remand for a new trial.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

5

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**RODERICK T. KENNEDY, Judge**